UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF MARVIN BYAS, | ) | |
| AMBER BYAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19 CV 257 RWS |
| | ) | |
| WELLS FARGO HOME MORTGAGE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Defendants Mortgage Electronic Registration Systems, Inc., US Bank

National Association, Wells Fargo Home Mortgage, and Argent Mortgage

Company, LLC move to dismiss Plaintiffs' complaint. ECF Nos. [73, 75].  Many

of Plaintiffs' claims rely on their assertion that the Defendants did not properly

follow a Pooled Services Agreement (PSA) that purportedly specified the rule by

which the creditors and investors could transfer title of the disputed property.

Defendants argue that Plaintiffs do not have standing to bring claims based on

allegations Defendants did not abide by the conditions of the PSA.  While

Plaintiffs do not have independent standing to challenge the validity of a mortgage

securitization, Plaintiffs' complaint also clearly alleges that Defendant Wells Fargo

does not have possession of the note in dispute.  Therefore, I will grant

Defendants' motion to dismiss on all counts except those which specifically rely on the allegation that Wells Fargo did not possess the disputed note.

## Background

Decedent Marvin Byas owned a real estate parcel addressed at 15214 Country Ridge Dr. Chesterfield, Missouri 63017 (the Property). On November 1, 2004, Byas granted a Deed of Trust on the Property, essentially mortgaging it to Defendant Mortgage Registration System, Inc. (MERS), the purported beneficiary under the Deed of Trust. Defendant Argent Bank was the initial creditor on Byas's home loan. After the sale, MERS participated in a securitization through a PSA. Defendant U.S. Bank, as successor Trustee-In-Interest to Wachovia Bank, NA, was the purported sponsor of for the securitized trust. A PSA is a contract, specifically a trust agreement filed with the United States Securities and Exchange Commission that memorializes securitization transactions.  After Byas's Deed of Trust was securitized, Wells Fargo represented that it became the holder and owner of the Note accompanying the deed of trust, through the transactions made pursuant to the PSA.

Although the timing is uncertain from the complaint, Marvin Byas passed away. His daughter, Amber Byas, alleges that she is the heiress to his estate. The complaint is also unclear on the subsequent history, but it suggests that (1) Wells Fargo has threatened to foreclose on the Property, or has begun the process of

foreclosure, and (2) that Plaintiffs sought bankruptcy protection in connection with the foreclosure.

Amber Byas and the Estate of Marvin Byas (the Plaintiffs) allege that they have superior title to the Property.  They argue that the Deed of Trust for the Property was imperfectly securitized because Defendants violated several aspects of the PSA. Plaintiffs allege that the original promissory note was not delivered to the securitization trust and that the PSA required actual delivery of this mortgage document.  According to Plaintiffs, the PSA required that the Note or Deed of Trust be endorsed and assigned, respectively to the securitization trust and endorsed and executed by multiple intervening parties by the closing date. Plaintiffs allege that the Note or Deed of Trust on this Property were not transferred by the closing date.  They also allege that Wells Fargo does not own or possess the promissory note upon which Wells Fargo bases the foreclosure.

On February 20, 2019, the Plaintiffs filed their original complaint. They have subsequently amended their complaint multiple times and their Third Amended Petition was filed on September 25, 2020. ECF No. [72]. In the complaint, the Plaintiffs argue that Wells Fargo committed fraud and intentional infliction of emotional distress by representing that it was the true holder of the Note and that it had authority to foreclose upon the Property. Plaintiffs also bring claims of quiet title, slander to title, declaratory relief, fraud in the inducement, and

violations of the Missouri Merchandising Practices Act (MMPA), Mo. Rev. Stat. § 407.010 *et seq.* Defendants moved to dismiss, arguing that Plaintiffs have not stated a claim upon which relief can be granted, that they do not have standing to challenge the PSA, and that I do not have jurisdiction over their claims. Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must state facts demonstrating that they have a claim upon which relief can be granted and that I have jurisdiction over their claims, respectively. I do not have jurisdiction unless the plaintiff has standing pursuant to Article III of the Constitution. In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Hager v. Arkansas Dep't of Health, 735 F.3d 1009, 1013 (8th Cir. 2013). When a party amends its complaint, I only consider the amended complaint when evaluating a motion to dismiss or any other aspect of the case.

## ANALYSIS

### I.    Standing

Defendants' motion to dismiss primarily depends on their argument that Plaintiffs lack standing to challenge securitization because they are not a party to the PSA. The parties have primarily relied on two district court cases in the

4

Western District of Missouri and Eastern District of Missouri. <u>Ball v. Bank of New York</u>, No. 4:12-CV-00144-NKL, 2012 WL 6645695 (W.D. Mo. Dec. 20, 2012); <u>Schwend v. U.S. Bank, N.A.</u>, No. 4:10CV1590 CDP, 2013 WL 686592 (E.D. Mo. Feb. 26, 2013).

In <u>Ball</u>, the court acknowledged caselaw rejecting wrongful foreclosure claims based on securitization contracts. <u>Ball</u>, 2012 WL 6645695 at *4. This caselaw includes one bankruptcy court case applying Missouri law.  <u>Id.</u> (citing <u>In re Washington</u>, 468 B.R. 846 (Bankr. W.D. Mo. 2011), <u>aff'd sub nom.</u> <u>Washington v. Deutsche Bank Nat. Tr. Co.</u>, No. 11-01278-CV-FJG, 2012 WL 4483798 (W.D. Mo. Sept. 28, 2012)). The court noted, however, that

> the Plaintiffs do not seek to enforce the contracts or affect the relationship between the parties to the contracts. Rather, the Plaintiffs point to defects in the securitization process as evidence that neither title nor possession of the note passed to the trustee who sought to foreclose their mortgages. Thus, the Plaintiffs seek only to use the breaches as evidence that the party seeking to foreclose is not the owner of their note. Missouri law is clear that a court may set aside a foreclosure sale as invalid when a circumstance denies the mortgagee the right to cause the power of sale to be exercised, <u>Morris v. Wells Fargo Home Mortg.</u>, No. 4:11CV1452 CEJ, 2011 WL 3665150, at *2 (E.D. Mo. Aug. 22, 2011), and ownership of the note is a prerequisite to foreclosure in Missouri, <u>Williams v. Kimes</u>, 996 S.W.2d 43, 45 (Mo. 1999); <u>In re Washington</u>, 468 B.R. at 853.

<u>Id.</u> (emphasis added).

The court further distinguished <u>In re Washington</u> by noting "it was undisputed that the party enforcing the note possessed it at all times relevant to the

note's enforcement." Id. Under Missouri law, "a debtor generally lacks standing to contest the validity of an assignment of debt, except if the debtor will be prejudiced." Id. (citing Barker v. Danner, 903 S.W.2d 950, 955 (Mo. Ct. App. 1995). "One form of prejudice is the potential that the debtor will be exposed to multiple judgments." Id. (citing Barker, 903 S.W.2d at 955).

The court in Schwend reached a different conclusion, but under a different set of facts. First the court recited that " '[a] judicial consensus has developed that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement.'" Schwend, 2013 WL 686592, at *3 (quoting Metcalf v. Deutsche Bank Nat. Tr. Co., No. 3:11-CV-3014-D, 2012 WL 2399369, at *4 (N.D. Tex. June 26, 2012) (quoting In re Walker, 466 B.R. 271, 284–85 nn. 28 & 29 (Bankr.E.D.Pa.2012)). The court addressed Ball as the "minority position among district courts." Even assuming the holding in Ball was valid, the court found that the facts in Schwend were more analogous to the facts in In re Washington, where the party possessed the note at all relevant times. Id. at n.3.

To the extent the two cases conflict, I find Schwend to be more persuasive. Plaintiffs do not have standing to challenge improper securitization. Since Plaintiffs have not made any factual allegations against U.S. Bank or MERS other

6

than the allegations that they participated in the loan securitization process, which Plaintiffs do not have independent standing to challenge, I will dismiss them as defendants.

However, Plaintiffs have demonstrated standing at this stage based on their allegations that Wells Fargo both does not possess, and does not have a right to possess, the note upon which the foreclosure was based. [72 at ¶¶ 40-41]. As the court in Ball holds, ownership of the note is a prerequisite to foreclosure. Ball, 2012 WL 6645695, at *4 (citing Williams, 996 S.W.2d at 45). Taking these two allegations as true, a fraudulent misrepresentation concerning ownership of the note can lead to a violation of a mortgagor's right to their property, creating an injury in fact, traceable to the defendants' actions, that can be remedied through the requested relief. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Plaintiffs have also demonstrated standing in their claims for fraud in the concealment, violations of the MMPA, and financial exploitation of an elderly person against Argent Mortgage. All of those claims relate to the original formation of the mortgage not subsequent transfers, and thus do not rely on a direct challenge to the PSA.

## II.     Failure to State a Claim

In addition to their standing argument, Defendants argue that Plaintiffs have failed to articulate facts pertaining to individual defendants as well as the elements of each cause of action.

### a.     Fraud in the Concealment as to all Defendants (Count I)

In the state of Missouri, to state a claim for fraudulent misrepresentation, "a plaintiff must prove nine essential elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury." Hess v. Chase Manhattan Bank, USA, N.A., 220 S.W.3d 758, 765 (Mo. 2007). Missouri does not recognize a separate tort for fraudulent nondisclosure. Id. Rather, "a party's silence in the face of a legal duty to speak replaces the first element." Id.

In the instant case, the Plaintiff has failed to plead the materiality of the concealment, the hearer's ignorance of the falsity or reliance on the representation. Although Plaintiffs make conclusory statements about the materiality and reliance, they do not plead any facts that allow me to reasonably conclude that Mr. Byas did

not know that the loans were securitized or that he would not have agreed to the loan if he had known. Plaintiff's fraud in the concealment claim rests entirely on the Defendants' failure to disclose that the loan was securitized. There is nothing inherently unlawful about securitization, nor is it a particularly uncommon practice. Without additional allegations regarding Defendants' duty to disclose the securitization or securitization's materiality, Plaintiffs cannot state a claim for fraud in the concealment.

Additionally, Plaintiffs' Complaint does not meet the requirements of Fed. R. Civ. P. 9(b), which mandates a heightened pleading standard for fraud-based claims. See Drobnak v. Andersen Corp., 561 F.3d 778, 783–84 (8th Cir. 2009). To satisfy Fed. R. Civ. P. 9(b)'s requirements the complaint "must allege 'such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentations and what was obtained or given up thereby.'" Id. "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Id.  Plaintiffs do not allege any specific facts about the nature of the fraud. They do not even include specific allegations as to each Defendant. Accordingly, this claim will be dismissed.

### b.    Fraud in the Inducement as to Wells Fargo (Count I)[1]

As discussed above, to state a claim for fraudulent misrepresentation, "a plaintiff must prove nine essential elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury." Hess, 220 S.W.3d at 765. In their complaint Plaintiffs allege that Wells Fargo "represented to Plaintiffs they were the holders of an enforceable security interest in Plaintiff's property." Plaintiff further alleges that this representation was false, and that Wells Fargo did not in fact have possession of the note the foreclosure was premised on. Plaintiffs also allege that they relied on Wells Fargo's statement when determining whether to seek protection under the Bankruptcy statutes.

Although Plaintiffs provide more factual allegations regarding this claim, they still fail to satisfy Fed. R. Civ. P. 9(b). To satisfy Fed. R. Civ. P. 9(b)'s requirements the complaint "must allege 'such matters as the time, place, and contents of false representations, as well as the identity of the person making the

---

[1] Plaintiffs labeled both their claim for Fraud in the Concealment and Fraud in the Inducement specific to Wells Fargo as the "First Cause of Action"

misrepresentations and what was obtained or given up thereby.'" Drobnak, 561

F.3d at 783–84. Plaintiffs do not allege any facts about when or where Wells Fargo

made the allegedly fraudulent claims. Nor do they allege that Wells Fargo knew

that they did not possess the note in question. In fact, Wells Fargo claims that they

possess the original note. Accordingly, this claim will be dismissed.

### c.      Fraud in the Inducement as to all Defendants (Count II)

As discussed above, claims based on fraud must satisfy the heightened

pleading standards of Fed. R. Civ. P. 9(b). See Drobnak, 561 F.3d at 783–84. To

satisfy Fed. R. Civ. P. 9(b)'s requirements the complaint "must allege 'such

matters as the time, place, and contents of false representations, as well as the

identity of the person making the misrepresentations and what was obtained or

given up thereby.'" Id. "Conclusory allegations that a defendant's conduct was

fraudulent and deceptive are not sufficient to satisfy the rule." Id. In their claim for

fraud in the Inducement against all Defendants, Plaintiffs fail to allege the time or

place of the false representations or even which defendants made the false

representations. Rather, Plaintiffs merely allege that "[a]ll Defendants intentionally

misrepresented to Plaintiffs those defendants were entitled to exercise the power of

sale provisions contained in the Deed of Trust. In fact, Defendants were not

entitled to do so and have no legal equitable, or actual beneficial interest

whatsoever in the property."  It is unclear from this allegation whether any

particular defendant made any affirmative misrepresentation or when the misrepresentation was made. Additionally, the only Defendant who Plaintiffs allege tried to foreclose on the property, and thus invoke the power of sale provisions was Wells Fargo.  Accordingly, this claim will be dismissed.

### d.    Financial Exploitation of an Elderly Person (Count III)

Plaintiffs brings a claim against Argent Mortgage for financial exploitation of an elderly person. This claim is premised on Mo. Rev. Stat. § 570.145. As Defendant Argent Mortgage points out in their memorandum in support of their motion to dismiss, this is a criminal statute that does not create a private cause of action. Therefore, this claim will be dismissed.

### e.    Intentional Infliction of Emotional Distress (Count IV)

"To state a claim for intentional infliction of emotional distress, a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm." Gibson v. Brewer, 952 S.W.2d 239, 249 (Mo.1997), See also Thornburg v. Fed. Express Corp., 62 S.W.3d 421, 428 (Mo. Ct. App. 2001). "The conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. (quoting Warrem v. Parrish, 436 S.W.2d 670, 683 (Mo. 1969). It is the court's role to determine in the first instance whether the defendant's

12

alleged conduct is sufficiently extreme and outrageous to permit recovery for the intentional infliction of emotional distress. Thornburg, 62 S.W.3d at 428; see also Kampouris v. Saint Louis Symphony Soc., 52 F. Supp. 2d 1096, 1106–07 (E.D. Mo. 1999), aff'd sub nom. Kampouris v. St. Louis Symphony Soc., 210 F.3d 845 (8th Cir. 2000) ("The threshold question of whether the defendant's conduct was 'extreme and outrageous' is a question of law for the court") (citing J.R. v. P.B.A., 773 S.W.2d 235, 236 (Mo. Ct. App. 1989)), abrogated in part on other grounds by Torgerson v. City of Rochester, 643 F.3d 1031, 1043 (8th Cir. 2011).

Plaintiffs allege that Wells Fargo knew the PSA had not been satisfied, that it was therefore not the appropriate holder of the note, and that it did not have a right to foreclose, but that it foreclosed on Plaintiffs residence anyway. Defendants argue that Plaintiffs have not pleaded facts demonstrating conduct "so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency. . .." Gibson v. Brewer, 952 S.W.2d 239, 249 (Mo. 1997). Defendants also assert that such conduct must be "intended only to cause extreme emotional distress to the victim." Id. This requirement only applies to situations where the conduct specifically "amounts to one of the traditional torts, such as battery." K.G. v. R.T.R., 918 S.W.2d 795, 799 (Mo. 1996). As a result, I will not extend this principle to the current case. Regardless, Plaintiffs have failed to allege sufficient

facts to state a claim for intentional infliction of emotional distress. Foreclosure of a property standing alone is a lawful act. Plaintiffs allege this foreclosure was invalid because of contractual issues related to PSA and allege that Wells Fargo does not possess the note. But they do not allege that the loan was already paid or was not in default. It is not extreme and outrageous conduct to foreclose on a property when the loan is in default, even if the foreclosure may be wrongful for other unrelated reasons.  Accordingly, this claim will be dismissed.

**f.      Slander of Title (Count V)**

"Under Missouri law, a claim of slander of title requires the plaintiff to demonstrate: (1) some interest in the property, (2) that the words published were false, (3) that the words were maliciously published, and (4) that the plaintiff suffered pecuniary loss or injury as a result of the false statement." Jeffrey v. Cathers, 104 S.W.3d 424, 429 (Mo. Ct. App. 2003).  Defendants argue that Plaintiffs do not sufficiently allege their interest in the property and that their allegations that the words published were false rely on a challenge to the PSA, which they do not have standing to make. As to Defendants Argent, MERS, and US Bank, I agree that the plaintiff does not have standing to bring this claim. Additionally, the Plaintiff does not indicate any words published by these Defendants. As to Defendant Wells Fargo however, Plaintiffs allegation that Defendant Wells Fargo does not possess the note, is sufficient to provide standing

14

and support Plaintiffs' allegation that the documents relating to foreclosure were false. Additionally, although Plaintiffs provided only cursory statements as to their interest in the property and do not conclusively identify the current owner, they provide sufficient allegations taken as true to demonstrate they have some interest in the property. For example, Plaintiffs allege that Amber Byas is the beneficiary of a Beneficiary Deed to the property and heir to the Estate. At this stage, Plaintiffs need not support their factual claims with evidence, and I must take as true the factual allegation made by Plaintiffs that Amber Byas is the heir to her father's estate. Therefore, I cannot dismiss Plaintiffs slander of title claim as to Wells Fargo.

### g.    Quiet Title (Count VI)

Under Missouri law, "anyone claiming an interest in real property may institute an action against any person or persons having or claiming to have any title, estate, or interest in such property to ascertain and determine the estate, title and interest of said parties, respectively." Mo. Rev. Stat. § 527.150. As discussed above, Plaintiff has alleged sufficient facts to demonstrate a plausible claim to the property and can therefore bring a claim to quiet the title of the property in question.  However, Plaintiffs have failed to allege facts sufficient to establish that any of the defendants, aside from Wells Fargo, has or has claimed a title, estate, or interest in the property. Plaintiffs in fact specifically allege that several of the

Defendants transferred their interests in the property.  Therefore, this claim shall be dismissed as to all defendants except Wells Fargo.

### h.    Declaratory Relief (Count VII)

Plaintiffs seek declaratory relief that determines the rights, obligation, and interests of the parties in regard to the property.  Defendants argue that "Plaintiffs have not shown they are entitled to any declaration of rights, since 'loans' and 'Notice of Default' are not described or identified." Defendants also argue that Plaintiffs have not defined what interest in the Property the Estate or Amber Byas have.

A Plaintiff need not spell out every logical inference apparent in their complaint. Here, Plaintiffs allege that Amber Byas is the heir to the Property, while the Estate, in large part, steps into the shoes of the previous owner, Marvin Byas, when administering the transfers that result from his death. While certain aspects of Plaintiffs' complaint are ambiguous—including when Marvin Byas passed and how Wells Fargo's threats or actual foreclosure have proceeded—Plaintiffs' claim that Wells Fargo is trying to foreclose on the property without the note is sufficient to state a claim upon which relief can be granted.

### i.    Missouri Merchandising Practices Act (Count VIII)

Plaintiffs final claim is against Argent Mortgage for violations of the Missouri Merchandising Practices Act (MMPA). The MMPA prohibits "unfair

practice[s]... in connection with the sale or advertisement of any merchandise in

trad or commerce." Mo. Rev. Stat. § 407.020. An "unfair practice is one that (1)

offends any public policy as it has been established by the Constitution, statues, or

common law of this state, or by the Federal Trade Commission, or its interpretive

decisions, or (2) is unethical, oppressive, or unscrupulous; and (3) presents a risk

of, or causes, substantial injury to consumers."  Schuchmann v. Air Servs. Heating

& Air Conditioning, Inc., 199 S.W.3d 228, 233 (Mo. Ct. App. 2006).

Plaintiffs allege that Defendant Argent Mortgage solicited Mr. Byas to

engage in the purchase of a loan product against the home in question, that the

home was Mr. Byas's primary residence, and that Defendant Argent Mortgage

"acted with the intention to permanently deprive Plaintiffs of the use benefit and

possession of property, detrimentally affecting the elderly person by deceit,

coercion, creating or confirming another person's false impression, failing to

correct the false impression, encumbering the property and undue influence in

order to take advantage of Plaintiffs' vulnerable state of mind as defined in Mo.

Rev. Stat. § 570.145." Although Plaintiffs make conclusory allegations stating that

Argent acted with the intention to permanently deprive Plaintiffs of the use,

benefit, and possession of the property, they do not actually allege any specific

actions Defendants took that violated the MMPA.  Assuming the Plaintiff intends

to base this claim on Defendant's failure to disclose that the loan was securitized,

17

which is the only action connected to the sale or advertisement of merchandise, Plaintiff fails to allege facts about how this failure to disclose "offends a public policy as it has been established by the Constitution, statues, or common law of this state, or by the Federal Trade Commission, or its interpretive decisions, or is unethical, oppressive, or unscrupulous." Securitization is not illegal and failure to disclose that a loan is securitized is not per se unethical, oppressive, or unscrupulous.

Additionally, Plaintiff has not alleged facts sufficient to satisfy Fed. R. Civ. P. 9(b). Since Plaintiffs' MMPA claim appears to rely on Defendant's allegedly fraudulent acts, it must satisfy the pleading standards under Fed. R. Civ. P. 9(b). See Blake v. Career Educ. Corp., No. 4:08CV00821 ERW, 2009 WL 140742, at *2 (E.D. Mo. Jan. 20, 2009) (collecting cases). However, as discussed previously, Plaintiffs have failed to allege specific details regarding the nature of fraud, including who failed to disclosure the material information or when it should have been disclosed. Therefore, this claim will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by the defendants denominated as Citi Bank Residential Lending aka Citi Group aka Argent Mortgage aka Citi Mortgage, ECF No. [73], is **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendants Wells Fargo Bank, NA, US Bank, and Mortgage Electronic Registration Systems, Inc. (MERS), ECF No. [75], is **GRANTED** in part and **DENIED** in part. Defendant's motion is denied as to Plaintiffs claims for slander of title, quiet title, and declaratory relief against Wells Fargo. Defendants' motion is granted as to all other claims against Wells Fargo and all claims against US Bank and MERS.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of December 2020.

19