UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF MARVIN BYAS, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:19 CV 257 RWS |
| WELLS FARGO HOME MORTGAGE, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case arises from Marvin Byas's purchase of a real estate parcel addressed at 15214 Country Ridge Dr., Chesterfield, Missouri 63017 ("the Property"). Byas (deceased), his Estate, and his heir, Amber Byas (collectively, "Byas"), filed suit after Marvin Byas's death, bringing various state law claims against Wells Fargo Home Mortgage ("Wells Fargo"); Argent Mortgage Company, LLC ("Argent"); U.S. Bank National Association ("U.S. Bank"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Citi Bank Residential Lending ("Citi Bank"). After defendants filed motions to dismiss, Byas requested leave to amend the complaint, which I granted. She filed her second amended complaint on May 7, 2020, and defendants again moved to dismiss the case. Byas requested leave to amend her complaint again, which I granted, and filed her third amended complaint on

1

September 25, 2020. On December 9, 2020, I issued an order dismissing all claims against Argent, U.S. Bank, MERS, and Citi Bank, as well as most of the claims against Wells Fargo.[1] Wells Fargo now moves for summary judgment on the three remaining claims. I will grant Wells Fargo's motion for the reasons explained below.

## LEGAL STANDARD

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on their pleadings but must produce sufficient evidence to support the existence of the essential elements of their case on which they bear the burden of proof. Id. at 324.

---

[1] In July 2021, Byas requested leave to amend her complaint again. I denied the motion.

In resisting a properly supported motion for summary judgment, the nonmoving party has an affirmative burden to designate specific facts creating a triable controversy.  Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).  They "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586.  Rather, "[t]hey must show there is sufficient evidence to support a jury verdict in their favor."  Nat'l Bank of Comm. v. Dow Chem. Co., 165 F.3d 602, 607 (8th Cir. 1999) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).  "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment."  Id. at 610 (citing Metge v. Baehler, 762 F.2d 621, 625 (8th Cir. 1985)).

## BACKGROUND

To purchase the Property,[2] Marvin Byas obtained a $200,260.00 loan ("Loan") from Argent, signing a fixed rate note ("Note") dated September 24, 2004. [Doc. # 101-2, Ex. 1-A].  The Note provides that if the borrower does not "pay the full amount of each monthly payment on the date it is due, [he] will be in default," and explicitly states that it may be transferred:

> In return for a loan that I have received, I promise to pay U.S. $200,260.00 (this amount is called "principal"), plus interest, to the order of the Lender.  The Lender is Argent Mortgage Company, LLC.

---

[2] The Property is legally described as "Lot 83 of Meadowbrook Farm Plat 1, as per plat thereof recorded in Plat Book 142 Page 70 of the St. Louis County Records." [Doc. # 101-1, Ex. 1, McNeal Aff. ¶ 14; Doc. # 101-3, Ex. 1-B].

3

> I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the Note Holder.

Argent endorsed the Note to Ameriquest Mortgage Company, which endorsed the Note in blank. The Note was secured by a Deed of Trust which was recorded in Book 16135, Page 2390 in the Office of the Recorder of Deeds for St. Louis County, Missouri on October 7, 2004. [Doc. # 101-3, Ex. 1-B]. The Deed of Trust provides for the transfer of rights in the Property. It also provides that "the Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." [Id. at ¶ 20.].

On September 7, 2012, the Deed of Trust was assigned from Argent to U.S. Bank as Trustee, Successor-in-Interest to Wachovia Bank, N.A., as Trustee for Park Place Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2004-WWF1. The assignment was recorded in the Office of the Recorder of Deeds for St. Louis County, Missouri on October 16, 2012. [Doc. # 101-4, Ex. 1-C].

Deutsche Bank National Trust Company ("Deutsche Bank") received the Note and Deed of Trust on October 1, 2004 and November 12, 2004, respectively, and held them in its custody pursuant to a Custodial Agreement entered into on November 1, 2004. [Doc. # 101-14, Ex. 4, Reyes Aff. ¶ 4-5; Doc. # 101-15, Ex. 4-A]. Deutsche Bank released the Note and Mortgage to Wells Fargo Home Mortgage,

4

Inc.[3] on or about May 8, 2012. [Doc. # 101-14, Ex. 4, Reyes Aff. ¶ 7]. Wells Fargo Home Mortgage returned the Note and Mortgage to Deutsche Bank on or about October 22, 2012, and Deutsche Bank maintained possession of the Note and Mortgage thereafter. [Id. at ¶ 8-9].

Wells Fargo serviced the Loan from February 1, 2005 until March 1, 2019, when servicing transferred to Specialized Loan Servicing, LLC ("SLS").[4] [Doc. # 101-5, Ex. 1-D; Doc. # 101-6, Ex. 1-E]. During that period, Wells Fargo "was responsible for the collection of payments on the Loan, application and disbursement of payments, administering the escrow account, and complying with and enforcing the contractual obligations contained in the Note and Deed of Trust." [Doc. # 101-1, Ex. 1, McNeal Aff. ¶ 21].

Marvin Byas defaulted on the Loan "various times" while Wells Fargo was its servicer. [Id. at ¶ 23; Doc. # 101-7, Ex. 1-F]. Byas admits that Marvin Byas defaulted on the Loan but appears to contend that payments only stopped because of his death. [Doc. # 106, ¶ 18]. However, according to the payment history that Wells Fargo submitted, the first missed payment occurred before Marvin Byas's death on July 18, 2011. [Doc. # 101-7, Ex. 1-F; Doc. # 101-11, Ex. 1-J]. As a result, Wells Fargo initiated foreclosure proceedings in the name of U.S. Bank. [Doc. # 101-1,

---

[3] Wells Fargo is the successor in interest to Wells Fargo Home Mortgage, Inc.

[4] SLS was never a party to this lawsuit.

5

Ex. 1, McNeal Aff. ¶ 25]. On September 20, 2013, Wells Fargo executed an Appointment of Successor Trustee, naming S & W Foreclosure Corporation c/o Shapiro & Kreisman, LLC ("S & K") as Successor Trustee for the Deed of Trust. [Doc. # 101-8, Ex. 1-G]. The Estate received a Notice of Default from Wells Fargo, dated March 20, 2013, and a Notice of Trustee's Sale from S & K with a foreclosure sale date of March 27, 2017. [Doc. # 101-9, Ex. 1-H; Doc. #101-10, Ex. 1-I]. The sale was canceled when Amber Byas filed bankruptcy. [Doc. # 101-1, Ex. 1, McNeal Aff. ¶ 30].

## ANALYSIS

### I.     *Marvin Byas's ability to bring suit*

Wells Fargo argues that Marvin Byas cannot be a plaintiff in this suit because he is deceased. See Rowland v. Rowland, 121 S.W.3d 555, 556 (Mo. Ct. App. 2003) ("Courts have jurisdiction to render judgments for or against viable entities only…A dead person is by definition not a viable entity") (citations omitted). Byas's opposition brief did not address this argument.

According to R.S.Mo. § 537.010:

> Actions for wrongs done to property or interests therein may be brought against the wrongdoer by the person whose property or interest therein is injured. If the person whose property or interest therein is injured is dead, the action survives and may be brought against the wrongdoer by the person appointed as fiduciary for the estate of the deceased person.

Wells Fargo is correct: Marvin Byas is not a proper plaintiff.

6

## II. *Unclean hands*

Byas admitted to every one of Wells Fargo's stated facts, including that "Wells Fargo does not have an interest in the Loan or the Property." [Doc. # 106, ¶ 38]. However, Byas's opposition brief invokes the unclean hands doctrine to argue that the case should not be "dismissed." Byas alleges that Wells Fargo engaged in "bad behavior" by transferring the Loan to SLS after this suit was filed and by refusing payments Amber Byas attempted to make on the Loan, thus "forc[ing] [her] into foreclosure."

"The doctrine of unclean hands is a defense that bars one who has acted wrongfully with respect to the subject of the suit from obtaining an equitable remedy." Sangamon Assoc., Ltd. v. Carpenter 1985 Family P'ship, Ltd., 165 S.W.3d 141, 145 (Mo. banc 2005) (citation omitted). It "applies when necessary to promote right and justice by considering all of the facts and circumstances of a particular case," and "only to a party who shows he was injured by the asserted inequitable conduct." JAS Apartments, Inc. v. Naji, 230 S.W.3d 354, 363 (Mo. Ct. App. 2007) (quotation marks and citations omitted).

The evidence submitted does not suggest that Wells Fargo engaged in "bad behavior." The Note and the Deed of Trust clearly provide for possible servicing transfer. [Doc. # 101-2, Ex. 1-A; Doc. # 101-3, Ex. 1-B]. Wells Fargo's transfer of

7

servicing to SLS was legal and routine, not an "obvious tactic to avoid liability," as Byas contends.

Additionally, there is no evidence in the record supporting the allegation that Wells Fargo "forced" Amber Byas into foreclosure by refusing payments that she made in an attempt to pay off the Loan. In support of this claim, Byas submitted an affidavit along with three Western Union receipts that purportedly represent her attempted payments.[5]

In her affidavit, Amber Byas states:

> In the days leading to October 21, 2013, I engaged in discussions with representatives of the defendant with the intention of bringing the mortgage current.
>
> I in fact did follow the payment instructions given me and attempted to electronically transfer the full payment to Wells Faro in order to bring the payment current.
>
> After following the procedures with Western Union to make the payment, the clerk advised that the payment had been rejected.
>
> My subsequent attempts to make the payments to the defendant were similarly rejected.

[Doc. # 105-1, Ex. 1, Byas Aff. ¶ 4-7].

According to the Deed of Trust:

---

[5] Some of these documents, as originally filed, are completely illegible. [Doc. # 105-2; Doc. # 105-3, and Doc. # 105-4, Exs. 2-4]. Court personnel contacted plaintiff's counsel and requested legible copies. Plaintiff's counsel submitted another copy of Amber Byas's affidavit and two legible receipts that appear to correspond with Doc. # 105-2 and Doc. # 105-4.

> **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note.
>
> …Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure.

[Doc. # 101-3, Ex. 1-B at ¶ 1].

The Notice of Default states:

> Our records indicate that your loan is in default for failure to make payments due. Unless the payments on our loan can be brought current by April 24, 2013, it will become necessary to require immediate payment in full (also called acceleration) of your Mortgage Note and pursue the remedies provided for in your Mortgage or Deed of Trust, which include foreclosure.
>
> To cure the default you must pay the total delinquency against your account, which as of today's date is:
>
> | | |
> |---|---:|
> | Past Due Payments | $3,082.08 |
> | Late Charge Balance | $50.00 |
> | Other Fees | $15.00 |
> | Unapplied Funds | -$1,171.04 |
> | **Total Delinquency as of March 20, 2013** | **$1,976.04** |

9

> To avoid the possibility of acceleration, you must pay this amount on or before April 24, 2013 in CERTIFIED funds, to **America's Servicing Company, 1200 W 7th Street, Suite L2-200, Los Angeles, CA 90017.** For the loan to be current and not in default, any additional monthly payments, late charges and other charges that may be due under the note, mortgage and applicable law after the date of this notice must also be paid.
>
> If funds are not received by the above referenced date, we will proceed with acceleration. Once acceleration has occurred, we may take steps to terminate your ownership in the property by a foreclosure proceeding…

[Doc. # 101-9, Ex. 1-H].

The Notice of Default clearly explains that all payments were due by April 24, 2013. Both Amber Byas's affidavit and the one dated Western Union receipt that she submitted reflect attempted payments made months after that deadline ("the days leading up to October 21, 2013" and November 12, 2013, respectively). As a result, Amber Byas has not submitted any evidence demonstrating that she attempted to bring the mortgage current in a timely fashion but was rejected.

Because there is no evidence in the record indicating that Wells Fargo "acted wrongfully," Sangamon, 165 S.W.3d at 145, the doctrine of unclean hands does not apply.

    III.   *Slander of title*

"Under Missouri law, a claim of slander of title requires the plaintiff to demonstrate: (1) some interest in the property, (2) that the words published were false, (3) that the words were maliciously published, and (4) that the plaintiff

10

suffered pecuniary loss or injury as a result of the false statement." Jeffrey v. Cathers, 104 S.W.3d 424, 429 (Mo. Ct. App. 2003) (citation omitted).

This claim survived the motion to dismiss because Byas alleged that Wells Fargo did not possess the Note, a statement which supported her allegation that the documents relating to foreclosure were false because ownership of the note is a prerequisite to foreclosure under Missouri law. See Ball v. Bank of New York, 2012 WL 6645695, at *4 (W.D. Mo. Dec. 20, 2012); Williams v. Kimes, 996 S.W.2d 43, 45 (Mo. banc 1999). Wells Fargo has submitted evidence indicating that it had possession of the Note via its custodian, Deutsche Bank, the entire time it serviced the Loan—including when foreclosure proceedings were ongoing. Byas admits this fact. [Doc. # 106, ¶ 30-35]. She only argues that she was "forced" into the foreclosure, an allegation that is not relevant to this claim and is unsupported by the record. As a result, I will grant Wells Fargo summary judgment on this claim.

  *IV. Quiet title*

Under Missouri law, "anyone claiming an interest in real property may institute an action against any person or persons having or claiming to have any title, estate, or interest in such property to ascertain and determine the estate, title and interest of said parties, respectively." Mo. Rev. Stat. § 527.150. "To state a cause of action to quiet title, a plaintiff must allege (1) ownership in the real property, (2) that the defendant claims some title, estate or interest in the real property, and

11

(3) that the defendant's claim is adverse and prejudicial to the plaintiff." Simms v. Nationstar Mortg., LLC, 44 F.Supp.3d 927, 935 (E.D. Mo. 2014) (citing Kulovic v. BAC Home Loans Servicing, L.P., 2011 WL 1483374, at *10 (E.D. Mo. Apr. 19, 2011)). Additionally, the plaintiff "has the burden to prove title superior to the other party, not superior to the whole world, and must prevail on the strength of its own title and not on any weakness in the title of the other party." Ollison v. Village of Climax Springs, 916 S.W.2d 198, 203 (Mo. banc 1996) (citations omitted). In its motion for summary judgment, Wells Fargo argues that the quiet title claim against it fails as a matter of law because it has no interest in the Loan or the Property. It also argues that Amber Byas lacks standing to bring a quiet title action because she has not "made [her] interest [in the Property] clear nor [has she] provided documentation of that interest."

At the motion to dismiss stage, I found that Byas had stated a claim to quiet title against Wells Fargo because the complaint alleged sufficient facts to demonstrate a plausible claim to the Property and also alleged that Wells Fargo, unlike the other named defendants, had not transferred its interest in the Property. The evidence submitted demonstrates that Wells Fargo has not had an interest in the Loan or the Property since servicing of the Loan transferred to SLS on March 1, 2019. Although Byas contends that the timing of the transfer is suspicious, and that "the transfer…was inequitable given the fact that the plaintiff's [sic] were forced

12

into foreclosure despite their serious attempts to settle the debt," these assertions do not create a genuine dispute as to the facts underlying this claim and, as discussed previously, are unsupported by any evidence in the record.

Byas admits that Wells Fargo does not have any interest in the Loan or the Property. [Doc. # 106, ¶ 38]. Even assuming that she has standing to bring this claim, Wells Fargo is entitled to summary judgment because it has no "title, estate, or interest" in the Property. Simms, 44 F.Supp.3d at 935 (citing Crowe v. Horizon Homes, Inc., 116 S.W.3d 618, 621 (Mo. Ct. App. 2003) for the proposition that a "party is entitled to summary judgment in quiet title action if it can show the plaintiff lacks evidence to support any element of claim").

V.     *Declaratory relief*

Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), a court "may declare the rights and other legal relations of any interested party seeking such declaration." Byas asks that I determine the rights, obligations, and interests of the parties in regard to the Property. The record establishes, and Byas admits, that Wells Fargo previously had an interest in the Property but no longer does. Amber Byas asserts that she owns the Property pursuant to a beneficiary deed filed by Marvin Byas before his death. [Doc. # 72, ¶ 2]. However, she has not provided that deed or any other evidence supporting her claim of ownership. As a result, I cannot

13

determine what rights, obligations, and interests that Byas has in the Property, let alone that she is "entitled to [its] exclusive possession."

Byas also asks that I "clarify that her property would not have been in default but for the dastardly actions of the defendant, in its deliberate refusal to accept a payment on a debt despite their representations to the plaintiffs that they would be able to settle the claim." I reiterate that the record does not contain any evidence supporting this allegation.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Wells Fargo Home Mortgage's motion for summary judgment, [99], is **GRANTED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of February, 2022.